# IN THE UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| McCrory Construction, LLC,<br><br>      Plaintiff,<br><br>v.<br><br>Bowman Consulting Group Ltd. d/b/a Dennis, a Bowman Company,<br><br>      Defendant. | Civil Action No.: 2:25-cv-13659-BHH<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

  Plaintiff, McCrory Construction, LLC, (hereinafter "**McCrory**" or "**Plaintiff**"), complaining of Defendant, Bowman Consulting Group Ltd. d/b/a Dennis, a Bowman Company (hereinafter "**Dennis**" or "**Defendant**"), would respectfully allege and show the Court as follows:

## PARTIES, JURISDICTION, AND VENUE

  1. McCrory is a limited liability company organized and existing pursuant to the laws of the state of South Carolina. Each of McCrory's members are citizens and residents of South Carolina.

  2. Bowman Consulting Group Ltd., d/b/a Dennis, a Bowman Company, is a corporation organized and existing pursuant to the laws of the state of Delaware with its principal place of business in Virginia.

  3. McCrory is a general contractor who, at all times relevant hereto, provided construction and general contractor services in connection with the construction of Publix store number 2038 located at 2700 N. Main Street, Goose Creek, South Carolina 29486 (the "**Project**").

  4. Dennis is a surveying and construction management firm who, at all times relevant hereto, provided surveying services in connection with the Project.

1

5.      The Court has jurisdiction over the parties and claims in this dispute pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds the value of $75,000 and the parties are citizens of different states.

6.      Venue is appropriate in this Court pursuant to 28 U.S.C. §1391 because the alleged acts and/or omissions giving rise to McCrory's claims occurred in Berkeley County, South Carolina.

## FACTUAL BACKGROUND

7.      On or about August 22, 2024, Dennis and McCrory entered into Dennis's standard form contract ("**Subcontract**") whereby Dennis agreed to perform surveying services at the Project. A true and accurate copy of the Subcontract is attached hereto as **Exhibit A**. McCrory refers to the Subcontract as the best evidence of its terms and contents.

8.      The Subcontract provides that Dennis would use the care and skill ordinarily used by members of the surveying profession in performing its scope of work. Subcontract; §2.

9.      During construction, McCrory discovered that Dennis incorrectly staked the pads for retail shops 1 & 3.

10.     Pursuant to Section 7(a) of the Subcontract, on October 2, 2024, McCrory timely provided Dennis its Notice of Claim for construction costs and delays associated with correcting Dennis's deficient work. A true and accurate copy of the October 2, 2024, Notice of Claim is attached hereto as **Exhibit B**.

11.     Dennis did not respond to McCrory's October 2, 2024, Notice of Claim.

12.     On November 26, 2024, McCrory provided Dennis a full accounting of the costs McCrory incurred in remedying Dennis's deficient work. A true and accurate copy of McCrory's November 26, 2024, correspondence is attached hereto as **Exhibit C**.

13. McCrory incurred $248,951.59 remedying Dennis's deficient work at the Project.

14. McCrory thereafter applied invoices received from Dennis to the amount incurred by McCrory in correcting Dennis's work, leaving a balance totaling **$239,889.09** owed to McCrory.

15. The Affidavit of Kyle Clampitt is attached hereto as **Exhibit D** in support of the claims asserted herein.

16. On October 29, 2025, McCrory provided Dennis with the Affidavit of Kyle Clampitt pursuant to Section 7 of the Subcontract. A true and accurate copy of McCrory's October 29, 2025, correspondence is attached hereto as **Exhibit E**.

17. Dennis did not respond to McCrory's October 29, 2025, correspondence.

18. McCrory performed all conditions, covenants, and promises required of it in accordance with the terms and conditions of the Subcontract.

## FOR A FIRST CAUSE OF ACTION
### (Breach of Contract)

19. McCrory realleges the above paragraphs as if fully set forth herein verbatim.

20. The Subcontract is a valid and enforceable contract to which McCrory and Dennis are bound.

21. Dennis breached the Subcontract in that it failed perform the work in accordance with the standard of care of a licensed surveyor practicing under similar circumstances in Berkeley County, South Carolina, failed to properly perform its scope of work, and failed to correct work identified as defective.

22. Dennis's breaches of the Subcontract have caused damage to McCrory, including, but not limited to, the amount incurred by McCrory in correcting Dennis's defective work.

23. Dennis is liable to McCrory for all damages incurred by McCrory in connection

with Dennis's breach of the Subcontract, to include the principal amount of $239,889.09, plus prejudgment interest, attorney's fees, and costs.

## FOR A SECOND CAUSE OF ACTION
### (Negligence/Professional Negligence)

24. McCrory realleges the above paragraphs as if fully set forth herein verbatim.

25. Dennis, either on its own or through its agents, servants, employees, and/or contractors undertook and owed duties to McCrory in connection with the work it performed at the Project.

26. Dennis had a duty to properly survey and stake the pads at the Project, including abiding by proper surveying practices, and a duty to perform their work at the Project in accordance with applicable codes, approved plans and specifications, industry standards, and in a careful, diligent, and workmanlike manner, free from defects.

27. McCrory was at all times the foreseeable user of services provided by Dennis.

28. Dennis also had a duty to provide accurate information about the Project's condition and to disclose defective conditions.

29. Dennis breached its duties to McCrory in a manner that was negligent and careless in the following particulars:

    a.    In failing to properly stake the pads at the Project;

    b.    In failing to comply with applicable building codes, industry standards, and/or the applicable standards of care when preparing and/or approving the location of the pads;

    c.    In failing to provide surveying services at the Project in accordance with the applicable building codes, good design, standard building practices, approved and permitted plans, and accepted construction industry standards and practices;

    d.    In failing to properly supervise the work performed at the Project;

    e.    In failing to act as a reasonable person would in the circumstances then and there

       prevailing;

f.      In failing to provide accurate information about the Project to McCrory;

g.      In failing to adequately diagnose the cause of the defective conditions; and,

h.      Other deficiencies or failures as will be proven during discovery and at trial.

30.      McCrory has been damaged as a direct and proximate result of the negligence and carelessness of Dennis.

31.      As a result of the foregoing, McCrory is entitled to a judgment against Dennis for all actual, direct, indirect, resulting, and consequential damages in an amount to be determined at the trial of this case.

WHEREFORE, McCrory prays for judgment against Dennis as follows:

1.      McCrory be awarded damages, plus its attorneys' fees, pre-judgment interest, costs, and expenses on its first cause of action;

2.      McCrory's be awarded damages, plus its attorneys' fees, pre-judgment interest, costs, and expenses on its second cause of action;

3.      McCrory demands a trial by Jury;

4.      For such other and further relief as the Court deems just and proper.

        *s/ N. Ward Lambert*
        N. Ward Lambert, SC Bar No. 15095
        HUDSON LAMBERT PARROTT, LLC
        201 W. McBee Ave., Suite 450
        Greenville, SC 29601
        PH: (864) 235-5535
        FX: (864) 235-6866
        wlambert@hlpwlaw.com

        W. Greyson Land, SC Bar No. 104179
        HUDSON LAMBERT PARROTT, LLC
        176 Croghan Spur., Suite 220
        Charleston, SC 29407
        PH: (843) 321- 9970
        greysonland@hlpwlaw.com

December 1, 2025
Greenville, South Carolina